Donald R. Dunner
Smith Brittingham
Kara F. Stoll
Molly R. Silfen
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Glenn C. Colton
James D. Metzger
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
(212) 999-5800

*Attorneys for Defendants*
*InterDigital, Inc., InterDigital Communications, LLC, and*
*InterDigital Technology Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOKIA CORPORATION,<br><br>      Plaintiff,<br><br>    v.<br><br>INTERDIGITAL, INC., INTERDIGITAL COMMUNICATIONS, LLC, and INTERDIGITAL TECHNOLOGY CORPORATION,<br><br>      Defendants. | No. 08-cv-01507 |

**INTERDIGITAL'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO DISMISS**

I.  **INTRODUCTION**

Defendants InterDigital, Inc., InterDigital Communications, LLC, and InterDigital Technology Corporation (collectively, "InterDigital") hereby submit this reply in support of their cross-motion to dismiss Nokia Corporation's alternative claim for a declaratory judgment "that the Asserted Patents were developed under the TDD Project and that Nokia and its Affiliates are licensed to the same." The parties agree that Nokia's alternative claim should be dismissed; the only dispute is whether it should be dismissed with or without prejudice to refile the claim again in this Court. For the reasons given in InterDigital's principal brief and reiterated below, InterDigital requests that Nokia's alternative claim for relief be dismissed with prejudice, preventing Nokia from refiling the claim in this Court.

II. **THIS COURT SHOULD DENY NOKIA'S CLAIM FOR ALTERNATIVE RELIEF**

This Court should dismiss Nokia's claim for a declaratory judgment that it is licensed to the ITC patents-in-suit because it is a compulsory counterclaim in the Delaware II litigation. While Nokia may assert this claim in the Delaware II litigation, it cannot do so in this Court.

In seeking a declaratory judgment, Nokia asks this Court to hold that Nokia has a license to the same patents that are at issue in the Delaware II district court action. The claim of the existence of a license to a patent is a compulsory counterclaim, or at least an affirmative defense, to infringement of that patent. Fed. R. Civ. P. 8(c) & 13(a); *see Carborundum Co. v. Molten Metal Equip. Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995) (classifying implied and express licenses as defenses to patent infringement). In this case, because Nokia has characterized the existence of a license as a claim and sought declaratory relief, it should be regarded as a compulsory counterclaim rather than an affirmative defense. *See MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 781 (2007) (stating that what would normally be an affirmative defense, when brought in the form of a declaratory judgment action, is a

1

counterclaim); *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93-94 (1993) ("The issue of invalidity in *Electrical Fittings* was raised only as an affirmative defense . . . , not (as in *Fonar*, and as here) as a basis for a counterclaim seeking a declaratory judgment of patent invalidity."). A party may not bring a separate action based on a claim that is a compulsory counterclaim in a prior suit. *Id.* at 699.

In any event, even if the license constitutes an affirmative defense in Delaware II, Nokia's current claim threatens to undermine the substantial policy of consolidating litigation related to a single matter. *Glitsch, Inc. v. Koch Eng'g Co.*, 216 F.3d 1382, 1385 (Fed. Cir. 2000) (citing *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202-03 (2d Cir. 1970)). Indeed, allowing the present action to continue would contravene the "first filed" rule, which states that a second action embracing an identical issue to an existing action should defer to the existing action, absent special circumstances. *See City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) (relying on the first-filed rule and notions of judicial economy in approving of an injunction against a later-filed action addressing the same issue). When Nokia eventually answers InterDigital's complaint in Delaware II, it will have to raise the TDD license defense as an affirmative defense, the identical issue on which Nokia seeks a declaratory judgment in this Court. *See* Fed. R. Civ. P. 8(c) ("[A] party shall set forth affirmatively . . . license.") Thus, whether considered a counterclaim or an affirmative defense, this Court should dismiss Nokia's alternative claim for relief with prejudice in light of the Delaware II action.

### III.  CONCLUSION

For the reasons stated above, InterDigital respectfully requests that this Court dismiss Nokia's alternative claim for a declaratory judgment with prejudice, preventing Nokia from later reasserting the claim in this Court.

Dated: April 18, 2008

s/ *Molly Silfen /RS*

Donald R. Dunner
Smith Brittingham
Kara F. Stoll
Molly R. Silfen
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
Facsimile: (202) 408-4400
Kara.stoll@finnegan.com

Glenn C. Colton
James D. Metzger
WILSON SONSINI GOODRICH &
ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019-6022
(212) 999-5800
Facsimile: (202)

*Attorneys for Defendants
InterDigital, Inc., InterDigital Communications, LLC,
and InterDigital Technology Corporation*