USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/5/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
NOKIA CORPORATION,

                    Plaintiff,

        -against-

INTERDIGITAL, INC., INTERDIGITAL
COMMUNICATIONS, LLC and INTERDIGITAL
TECHNOLOGY CORP.,

                    Defendants.
------------------------------------X

08 Civ. 1507 (DAB)
MEMORANDUM & ORDER

DEBORAH A. BATTS, United States District Judge.

    Plaintiff Nokia Corporation ("Nokia") petitions the Court for Injunctive and Declaratory Relief and Application to Compel Arbitration against Defendants InterDigital, Inc., InterDigital Communications, LLC, and InterDigital Technology Corporation (collectively, "InterDigital" or "Defendants") in regard to Defendants' suits against Plaintiff for patent infringement in two other fora – the International Trade Commission ("ITC") and the District of Delaware.  Plaintiff asserts that it has a license to the patents pursuant to two contracts between the parties which contain an arbitration clause, and brought this action to enforce that arbitration clause.  On February 13, 2008, Plaintiff filed a three-count Complaint with this Court seeking (1) an injunction prohibiting InterDigital from proceeding against Plaintiff prior to the completion of arbitration proceedings, and (2) an order compelling the Parties to arbitrate Nokia's license defense, or, (3) alternatively, a declaratory judgment from this Court that Nokia and its Affiliates are licensed to the asserted patents.  Plaintiff filed a Motion for Preliminary Injunction and Application

for Show Cause Order together with its Complaint.  Defendants filed their opposition to Plaintiff's Motion on March 7, 2008, and in the same briefing filed a Motion to Dismiss Plaintiff's third and alternate claim for a declaratory judgment.

After full briefing and a seven-hour hearing on Plaintiff's Motion for a Preliminary Injunction, this Court concluded that Nokia had not waived its right to arbitrate through its conduct in prior proceedings, and granted the Motion on March 20, 2008.  The Court granted Nokia's requested injunctive relief, pursuant to the first count of its Complaint, and issued an order compelling arbitration, pursuant to the second.  On July 31, 2008, the Second Circuit reversed the injunction and order compelling arbitration, concluding that Nokia had waived its right to arbitrate its license claim through prior litigation between the Parties, and remanded the case to this Court for further proceedings consistent with its order.  Nokia Corp. v. Interdigital, Inc., 2008 WL 2951912 (2d Cir. 2008).  The Second Circuit denied Nokia's petition for rehearing on September 15, 2008, and issued its mandate on September 23, 2008.

The Court is in receipt of Plaintiff's letters dated October 17, 2008 and October 30, 2008, and Defendants' letter dated October 23, 2008.  Parties dispute whether the Second Circuit's decision disposed of the first and second counts of Nokia's Complaint.  Plaintiff argues that the issue of the arbitrability of Nokia's license defense remains ripe before this Court, as the Second Circuit rendered its decision based on a limited preliminary

2

injunction record, and because deciding waiver requires further development of the factual record. Defendants maintain that the Second Circuit's finding that Plaintiff waived its right to arbitrate is unequivocal and binding on this Court.

The Court agrees with Defendants that the Second Circuit "ha[d] all evidence necessary to finally decide the issue of waiver" when it "unequivocally held that 'Nokia has waived its right to arbitrate.'" (Defs.' letter, October 23, 2008, at 4) The development of the factual record in this case – first before the Administrative Law Judge in the International Trade Commission, then before this Court, and again before the Second Circuit – has been extensive. While certain non-final decisions of an appellate court may not qualify as law of the case, the Court has no doubt that "the litigation of [this] particular issue has reached such a stage that [the] court sees no really good reason for permitting it to be litigated again." Lummus Co. v. Commonwealth Oil Refining Co., 297 F.2d 80, 89 (2d Cir. 1961) (Friendly, J.) The Second Circuit's finding that Nokia has waived its right to arbitrate is binding on this Court. As such, the first and second counts of Plaintiff's Complaint are hereby dismissed with prejudice.

Defendants have moved to dismiss the third and final count of Plaintiff's Complaint, its alternative claim for a declaratory judgment that "[Plaintiff] and its Affiliates are licensed to the Asserted Patents." (Compl. ¶ 44) Defendants argue that Plaintiff's claim is a compulsory counterclaim to Defendants' claim that

3

Plaintiff has infringed upon its patents - the issue to be litigated in the earlier-filed actions in the District of Delaware and the ITC - and, as such, that claim should be decided in those venues, not here.

Federal Rule of Civil Procedure 13(a)(1) provides that:

> "A pleading must state as a counterclaim any claim that - at the time of its service - the pleader has against any opposing party, if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim..."

Fed. R. Civ. P. 13(a)(1). "A claim is compulsory if a logical relationship exists between the claim and the counterclaim and [if] the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Critical-Vac Filtration Corp. v. Minuteman Intern., Inc., 233 F.3d 697, 699 (2d Cir. 2000) (internal citation and quotation marks omitted). It is clear to the Court that there is a "logical relationship" between Plaintiff's claim that it was licensed to use InterDigital's patents and InterDigital's claim that Plaintiff infringed upon those patents, and that the facts of the claims are "so logically connected" that judicial economy and fairness warrant their resolution in one lawsuit. The "first-filed" rule in this Circuit demands that this Court defer to the existing, earlier-filed action in the District of Delaware for resolution of the claims. See Sotheby's, Inc. v. Minor, 2009 WL 73134, at *1 (S.D.N.Y. 2009) (quoting First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76,

4

79 (2d Cir. 1989)) ("It is a 'well-settled principle' in this circuit that where proceedings involving the same parties and issues are pending simultaneously in different federal courts the first-filed of the two takes priority absent 'special circumstances' or a balance of convenience in favor the second."); MSK Ins. Ltd. v. Employers Reinsurance Corp., 212 F.Supp.2d 266, 266 (S.D.N.Y. 2002) ("This District has laid down a bright-line rule . . . [t]he court before which the first-filed action was brought determines which forum will hear the case.").

Defendants' Motion to Dismiss Plaintiff's sole remaining cause of action for declaratory judgment is hereby GRANTED. If Defendants intend to move the Court to recover against the injunction bond posted by Nokia, as indicated in their October 23, 2008 letter, Defendants shall do so within thirty (30) days of the date of this Order. As that issue is the only remaining issue before this Court, if Defendants do not so move within thirty (30) days of the date of this Order, the case shall be dismissed and the docket closed without further notice.

SO ORDERED.

Dated:   New York, New York
         March 5, 2009

                                        _____
                                        Deborah A. Batts
                                        United States District Judge

5